TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

**Case No. 19-cv-01623**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT COURT OF NEW YORK**
------------------------------------------------------------- x
MARCO ANTONIO PEREZ PEREZ, and
JOSE EDUARDO SANCHEZ ARIAS,
*on their own behalf and on behalf of others similarly situated*

                                Plaintiffs,

                          v.

ESCOBAR CONSTRUCTION, INC.;
NATIONS CONSTRUCTION, INC.;
JRS SERVICES, LLC;
JHONY A ESCOBAR,
ELIAS O. PALACIOS
       a/k/a Elias Escobar,
NATALIE PALACIOS,
JENNY CAROLINA ALVAREZ,
LUIS ENRIQUE MONZON,

                         Defendants.
------------------------------------------------------------- x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**<u>FIRST AMENDED</u>**
**<u>COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

       Plaintiffs MARCO ANTONIO PEREZ PEREZ and JOSE EDUARDO SANCHEZ

ARIAS (hereinafter referred to as Plaintiffs), on behalf of themselves and others similarly

situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against

Defendants ESCOBAR CONSTRUCTION, INC.; NATIONS CONSTRUCTION, INC.; JRS

SERVICES, LLC; JHONY A ESCOBAR, ELIAS O. PALACIOS a/k/a Elias Escobar,

NATALIE PALACIOS, JENNY CAROLINA ALVAREZ, and LUIS ENRIQUE MONZON

allege as follows:

## <u>INTRODUCTION</u>

1.      This action is brought by the Plaintiffs MARCO ANTONIO PEREZ PEREZ, and JOSE EDUARDO SANCHEZ ARIAS, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in

the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred

percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment

interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy

under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the

NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the NORTHERN DISTRICT COURT OF NEW YORK

pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this

District, and the acts and omissions giving rise to the claims herein alleged took place in this

District.

## PLAINTIFFS

7.      .From on or about December 01, 2017 to October 30, 2018, Plaintiff MARCO

ANTONIO PEREZ PEREZ was employed by Defendants to work as a Construction Worker

for Defendants at Ithaca, NY 14850.

8.      From on or about September 15, 2017 to October 01, 2018, Plaintiff JOSE

EDUARDO SANCHEZ ARIAS was employed by Defendants to work as a Construction Worker

for Defendants at Ithaca, NY 14850.

## DEFENDANTS

### *Corporate Defendants*

9.      Defendant ESCOBAR CONSTRUCTION, INC. is a domestic business

corporation organized under the laws of the State Indiana with a principal address at 7621

Crawfordsville Road Indianapolis, IN 46214.

10.     ESCOBAR CONSTRUCTION, INC. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     ESCOBAR CONSTRUCTION, INC. purchased and handled goods moved in interstate commerce.

12.     Defendant NATIONS CONSTRUCTION, INC. is a domestic business corporation organized under the laws of the State of Indiana with a principal address at 6690 Dunsdin Drive Plainfield, IN 46168.

13.     Defendant NATIONS CONSTRUCTION, INC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     Defendant NATIONS CONSTRUCTION, INC purchased and handled goods moved in interstate commerce.

15.     Defendant JRS SERVICES, LLC is a domestic business corporation organized under the laws of the State of Indiana with a principal address at 2909 N. Raceway Road, Indianapolis, IN 46234.

16.     Defendant JRS SERVICES, LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17.     Defendant JRS SERVICES, LLC purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

18.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest

shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

19.     JHONY A ESCOBAR known as "Boss" to Plaintiff, and the President of ESCOBAR CONSTRUCTION, INC. (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment based on experience and rate of labor completion, and (4) maintained employee records through corporate emails and at ESCOBAR CONSTRUCTION, INC. and NATIONS CONSTRUCTION INC.

20.     JHONY A ESCOBAR determined the rate of payment based on experience and speed at which the projects are completed.

21.     JHONY A. ESCOBAR also had project supervisors manage the work schedules of each employee.

22.     Project supervisors would then report the hours to JHONY A. ESCOBAR and ESCOBAR CONSTRUCTION, INC.

23.     JHONY A ESCOBAR would bring new workers to construction sites and would fire workers when there was a shortage of work at the project.

24.     JHONY A ESCOBAR actually hired Plaintiffs MARCO ANTONIO PEREZ PEREZ, and JOSE EDUARDO SANCHEZ ARIAS.

25.     JHONY A ESCOBAR fired Plaintiff MARCO ANTONIO PEREZ PEREZ.

26.     In addition to Plaintiffs, JHONY A. ESCOBAR fired Plaintiff JOSE EDUARDO SANCHEZ ARIAS, Plaintiff MARCO ANTONIO PEREZ PEREZ, FERNANDO PEREZ, IRVIN GALEANA, ALEX, DAVID, WILLIAM HERNANDEZ, and

MARIO PEREZ.

27.     JHONY A ESCOBAR acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC. and JRS SERVICES, LLC.

28.     ELIAS O. PALACIOS a/k/a Elias Escobar, the Registered Agent of JRS SERVICES, LLC (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, by having someone from each group noting the start time of the work day and informing workers when they could leave, and (3) determined the rate and method of payment based on experience and rate of project completion, and (4) maintained employee records at JRS SERVICES, LLC.

29.     ELIAS O. PALACIOS a/k/a Elias Escobar is the son of JHONY A. ESCOBAR.

30.     ELIAS O. PALACIOS a/k/a Elias Escobar was the project supervisor of Plaintiff MARCO ANTONIO PEREZ PEREZ from on or about February 2016 to August 2016.

31.     ELIAS O. PALACIOS a/k/a Elias Escobar was the project supervisor of Plaintiff JOSE EDUARDO SANCHEZ ARIAS from on or about January 2017 to June 2017 at a project site in Binghamton, New York.

32.     ELIAS O. PALACIOS a/k/a Elias Escobar would jot down the work hours each day and mail such notes to the ESCOBAR CONSTRUCTION INC office, which in return would mail back employee checks.

33.     ELIAS O. PALACIOS a/k/a Elias Escobar would distribute pay checks sent by ESCOBAR CONSTRUCTION INC and NATIONS CONSTRUCTION INC. offices.

34.     ELIAS O. PALACIOS a/k/a Elias Escobar acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC. and JRS SERVICES, LLC.

35.     NATALIE PALACIOS, the Chief Financial Officer ("CFO") of ESCOBAR CONSTRUCTION, INC. (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records in emails, electronic and physical archives, and at ESCOBAR CONSTRUCTION, INC.

36.     NATALIE PALACIOS would maintain employee records in email, electronic and personal archives.

37.     NATALIE PALACIOS would distribute pay checks.

38.     Notably, she physically handed Plaintiff JOSE EDUARDO SANCHEZ ARIAS his last paycheck.

39.     NATALIE PALACIOS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC. and JRS SERVICES, LLC.

40.     JENNY CAROLINA ALVAREZ the President of NATIONS

CONSTRUCTION, INC. (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at NATIONS CONSTRUCTION, INC.

41.     JENNY CAROLINA ALVAREZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC. and JRS SERVICES, LLC.

42.     LUIS ENRIQUE MONZON the Manager of Escobar/ Nations Construction (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

43.     Furthermore, LUIS ENRIQUE MENZON hired someone in December 2018 at the NY project worksite, by announcing that the worker was new.

44.     Further, LUIS ENRIQUE MONZON was in charge of JOSE EDUARDO SANCHEZ ARIAS' Schedule in December 2019 and would report ARIAS' working hours to the offices of ESCOBAR CONSTRUCTION INC.

45.     LUIS ENRIQUE MONZON acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC. and JRS SERVICES, LLC.

## STATEMENT OF FACTS

### Defendants Constitute an Enterprise

46.     Upon information and belief, Corporate Defendants ESCOBAR

CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC. and JRS SERVICES, LLC.;

are joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29 USC

§203(r) insofar as:

     a.   they share staff, including Plaintiffs who would perform construction work at

        the various worksites,

     b.   pay Plaintiffs for the work performed as an indistinguishable entity (for

        instance, Plaintiffs would receive pay from both NATIONS

        CONSTRUCTION, INC. and JRS SERVICES, LLC. For work performed at

        the bequest of Escobar Construction);

     c.   pay Plaintiffs using the checks from NATIONS CONSTRUCTION, INC.

     d.   advertise the Corporate Defendants as an enterprise, and

     e.   are otherwise engaged in related activities performed through unified operation

        and/or common control for a common business purpose, and are

     f.   co-owned by the same partners, namely the Escobar/ Palacios family.

47.      At all times relevant herein, ESCOBAR CONSTRUCTION, INC.; NATIONS

CONSTRUCTION, INC.; JRS SERVICES, LLC; JEJ CONSTRUCTION INC..was, and

continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

48.     At all relevant times, the work performed by Plaintiffs was directly essential to

the business operated by ESCOBAR CONSTRUCTION, INC.; NATIONS

CONSTRUCTION, INC.; JRS SERVICES, LLC; JEJ CONSTRUCTION INC.

### Wage and Hour Claims

49.     There are at least 100 employees at the construction site.

50.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

51.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

52.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

53.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

54.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

55.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

56.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

57.     Defendants did not post the required New York State Department of Labor

posters regarding minimum wage pay rates, overtime pay, and pay day.

### Plaintiff MARCO ANTONIO PEREZ PEREZ

58.     From on or about December 01, 2017 to October 30, 2018, Plaintiff MARCO ANTONIO PEREZ PEREZ was employed by Defendants to work as a Construction Worker at Defendant's worksite near Cornell University at Ithaca, NY 14850.

59.     From on or about December 01, 2017 to October 30, 2018 Plaintiff MARCO ANTONIO PEREZ PEREZ's regular work schedule ran from:

      a.  07:00 to 19:00 from Monday through Sunday for twelve  (12) hours a day for seven (7) days with no break and no days off.

60.     While Plaintiff MARCO ANTONIO PEREZ PEREZ was supposed to receive a break from 12:00 to 13:00 there is actually no break.

61.     Plaintiff MARCO ANTONIO PEREZ PEREZ would have that break time deducted from his pay even though he had to work through this break.

62.     Sometimes, Plaintiff MARCO ANTONIO PEREZ PEREZ received one or two days per month.

63.     Thus from December 01, 2017 to October 30, 2018 Plaintiff MARCO ANTONIO PEREZ PEREZ' work for a total of Eighty Four (84) hours per week.

64.     At all relevant times, Plaintiff MARCO ANTONIO PEREZ PEREZ did not have a fixed time for lunch or for dinner.

65.     Plaintiff MARCO ANTONIO PEREZ PEREZ was initially paid a flat rate of Eighteen Dollars ($18) per hour and then a flat rate of Twenty-Five Dollars ($25) was paid to him

66.     However, Plaintiff MARCO ANTONIO PEREZ PEREZ did not receive

payment for all the days that he worked.

67.    In total, Plaintiff MARCO ANTONIO PEREZ PEREZ was owed between Six

Thousand ($6000) to Seven Thousand Dollars ($7000).

68.    Moreover, Plaintiff MARCO ANTONIO PEREZ PEREZ had spend Two

Thousand Dollars  ($2000) for purchasing painting, buckets for painting and little brushes for

painting for which he has not been reimbursed.

69.    Finally, Plaintiff MARCO ANTONIO PEREZ PEREZ was dispatched from

the construction headquarters in 76-51 Crawfordsville Road, Indianopolis, Indiana to the

worksite near Cornell University and had to rent hotel rooms for a total of One Thousand

Dollars ($1000) for which Plaintiff was never reimbursed.

70.    Moreover, a check of Sixteen Hundred Twenty Five Dollars ($1625) was paid

to him but it was withdrawn by someother person.

71.    This amount was never paid back to MARCO ANTONIO PEREZ PEREZ.

72.    At all relevant times, Plaintiff MARCO ANTONIO PEREZ PEREZ was not

paid overtime pay for overtime work.

73.    Throughout his employment, Plaintiff MARCO ANTONIO PEREZ PEREZ

was not given a statement with his weekly payment reflecting employee's name, employer's

name, employer's address and telephone number, employee's rate or rates of pay, any

deductions made from employee's wages, any allowances claimed as part of the minimum

wage, and the employee's gross and net wages for each pay day in Spanish, Plaintiff's native

language.

74.    Throughout his employment, Plaintiff MARCO ANTONIO PEREZ PEREZ

was not compensated at least at one-and-one-half his promised hourly wage for all hours

worked above forty (40) in each workweek.

75.     Throughout his employment, Plaintiff MARCO ANTONIO PEREZ PEREZ was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

76.     In addition to the failure to pay lawful minimum wage overtime compensation, and other statutory compensation, Defendants owe Plaintiff MARCO ANTONIO PEREZ PEREZ wages promised to his in the amount of around Ten Thousand Six Hyndred and Fifty Dollars ($10650) including purchasing of paints buckets for painting and little brushes for painting

**Plaintiff JOSE EDUARDO SANCHEZ ARIAS**

77.     From on or about September 15, 2017 to October 01, 2018, Plaintiff JOSE EDUARDO SANCHEZ ARIAS was employed by Defendants to work as a Construction Worker at Defendant's worksite near Cornell University at Ithaca, NY 14850.

78.     From on or about September 15, 2017 to October 1, 2018 Plaintiff JOSE EDUARDO SANCHEZ ARIAS's regular work schedule ran

    a.  from 7:00 19:00 from Monday through Sunday for twelve (12) hours a day for Seven (7) days without any break.

    b.  Sometimes he used to get one (1) or (2) days off per month.

79.     Thus from September 15, 2017 to October 1, 2018 Plaintiff JOSE EDUARDO SANCHEZ ARIAS worked Eighty Four (84) hours per week.

80.     While Plaintiff EDUARDO SANCHEZ ARIAS was supposed to receive a break from 12:00 to 13:00 there is actually no break.

81.     At all relevant times, Plaintiff JOSE EDUARDO SANCHEZ ARIAS did not

have a fixed time for lunch or for dinner.

82.     Initially at the beginning of Plaintiff JOSE EDUARDO SANCHEZ ARIAS's
work in September 2017 he was paid a flat rate of Thirteen Dollars ($13) per hour.

83.     Thereafter, Plaintiff JOSE EDUARDO ARIAS received a flat rate of
Seventeen Dollars ($17).

84.     Thereafter, Plaintiff JOSE EDUARDO ARIAS received a flat rate of Eighteen
Dollars ($18).

85.     From 2018 Plaintiff JOSE EDUARDO SANCHEZ ARIAS was paid a flat rate
of Twenty Four Dollars ($24) per hour.

86.     However, Plaintiff MARCO ANTONIO PEREZ PEREZ did not receive
payment for all the days that he worked.

87.     Moreover, Plaintiff JOSE EDUARDO SANCHEZ ARIAS had spend Three
Thousands Dollar ($3000) a year for purchasing tools.

88.     At all relevant times, Plaintiff JOSE EDUARDO SANCHEZ ARIAS was not
paid overtime pay for overtime work.

89.     Throughout his employment, Plaintiff JOSE EDUARDO SANCHEZ ARIAS
was not given a statement with his weekly payment reflecting employee's name, employer's
name, employer's address and telephone number, employee's rate or rates of pay, any
deductions made from employee's wages, any allowances claimed as part of the minimum
wage, and the employee's gross and net wages for each pay day in Spanish Plaintiff's native
language.

90.     Throughout his employment, Plaintiff JOSE EDUARDO SANCHEZ ARIAS
was not compensated at least at one-and-one-half his promised hourly wage for all hours

worked above forty (40) in each workweek.

91.     Throughout his employment, Plaintiff JOSE EDUARDO SANCHEZ ARIAS was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

92.     In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff JOSE EDUARDO SANCHEZ ARIAS wages promised to his in the amount of around Eleven Thousand and Sixty-Four Dollars ($11064).

## COLLECTIVE ACTION ALLEGATIONS

93.     Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

94.     Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

95.     All said persons, including Plaintiffs, are referred to herein as the "Class."

96.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and

worked, the positions held, and the rate of pay for each Class Member is also determinable

from Defendants' records. For purpose of notice and other purposes related to this action,

their names and addresses are readily available from Defendants. Notice can be provided by

means permissible under said Fed. R. Civ. P. 23.

### Numerosity

97.     The proposed Class is so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the

Court. Although the precise number of such persons is unknown, and the facts on which the

calculation of the number is presently within the sole control of the Defendants, upon

information and belief, there are more than forty (40) members of the class.

### Commonality

98.     There are questions of law and fact common to the Class which predominate

over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiffs and the Class within the meaning of

the New York law;

b.     Whether Plaintiffs and Class members are promised and not paid at their

promised hourly wage;

c.     Whether Plaintiff and Class members are not paid at least the hourly minimum

wage for each hour worked;

d.     Whether Plaintiffs and Class members are entitled to and paid overtime at their

promised hourly wage under the New York Labor Law;

e.     Whether Defendants maintained a policy, pattern and/or practice of failing to

pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.     Whether Plaintiff and Class members are required to provide and maintain tools of the trade on Defendants' behalf at their own cost;

g.     Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

h.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

i.     Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

j.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

99.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

100.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are

experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

101.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

102.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

103.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full, and the similarly situated collective action members, for some or all of the hours they worked.

105.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

106.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages
Brought on behalf of Plaintiff and Rule 23 Class]**

107.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

108.     At all relevant times, Plaintiffs are employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

109.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

110.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

111.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on behalf of the Plaintiff and the FLSA Collective]**

112.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

113.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

114.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

115.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

116.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

117.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

118.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

119.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

120.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

121.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

122.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

123.     Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

124.     Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and the Rule 23 Class]

125.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

127.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

128.     Though the Department of Labor commissioner may permit a shorter time to

be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

129.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

130.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

131.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

132.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

133.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

134.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of Plaintiff and Rule 23 Class]

135.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

136.    The NYLL and supporting regulations require employers to provide written

notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

137.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or his first day of employment.

138.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

139.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

140.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

141.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

142.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on

or after each Plaintiffs' payday.

143.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety

days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

Dated: Flushing, New York

August 3, 2020

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*
/s/ John Troy
John Troy (JT0481)
Aaron Schweitzer (AS 6369)


## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs
demand a trial by jury on all questions of facts.


Dated: Flushing, New York

August 3, 2020

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ John Troy
John Troy (JT0481)
Aaron Schweitzer (AS 6369)