UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARCO ANTONIO PEREZ PEREZ, et al.,            :

                                               :

               Plaintiffs,                 ORDER
                                               :

    -v.-

                                               :      20 Civ. 8010 (LTS) (GWG)


ESCOBAR CONSTRUCTION, INC., et al.,            :

               Defendants.                :
-------------------------------------------------------------x
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      This Order addresses issues regarding the notice requested in plaintiffs' motion for conditional approval of a collective action (Docket # 67) and uses the same abbreviations as in the Opinion and Order issued herewith.

      When determining the particulars of the notice, courts are "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." Elmajdoub v. MDO Dev. Corp., 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013) (punctuation omitted). The Court makes the following rulings with respect to the proposed notice:

      Information to Be Provided by Defendants: Defendants need produce only the categories of information identified in their opposition: "names, last known mailing address, last[ ]known email address, last[ ]known telephone numbers, and known dates of employment of qualified . . . opt-in plaintiffs." Def. Mem. at 17. They shall do so within 21 days. This ruling is without prejudice to plaintiffs' showing that additional information is needed in order to reach a particular plaintiff or group of plaintiffs.

      Length of the Opt-In Period: The length shall be 60 days given that no "special circumstances" require a longer period. Carranza v. VBFS, Inc., 2021 WL 1233546, at *5 (S.D.N.Y. Apr. 2, 2021).

      Content of the Notice:

      (A) Defendants shall be permitted a brief statement of their position similar to what was approved in Viriri v. White Plains Hosp. Med. Ctr., 320 F.R.D. 344, 356 (S.D.N.Y. 2017) ("Defendant denies all claims against it and maintains that it has complied with the FLSA. Defendant denies that you are entitled to any of the damages, back pay, court costs, or attorney's fees sought.").

(B) Plaintiffs need not be informed that they could be asked to pay litigation costs. See Racey v. Jay-Jay Cabaret, Inc., 2016 WL 3020933, at *9 (S.D.N.Y. May 23, 2016); Guzman v. VLM, Inc., 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007).

(C) The notice shall not include contact information for defendants' lawyers as no reason has been given why plaintiffs would need to contact those lawyers.

(D) Much of the notice has been written at a much higher reading level than has been achieved by the average person.  This includes the current reference to the Court on page 2 of plaintiffs' proposed notice (Docket # 68-2) ("No determination has been made that you are owed any amount of money, and the Court is not endorsing the merits of this lawsuit or advising you to participate in this lawsuit.  You are under no obligation to respond to this notice").  This shall be changed to read:

> The United States District Court for the Southern District of New York has approved this Notice.  However, the Court has not decided whether this lawsuit will be successful.  In other words, it has not decided whether you are owed any money.  Also, the Court is not giving any advice on whether you should or should not join the lawsuit.

The parties are encouraged to eliminate the portions of the notice that contain legalese and other unnecessarily complex language.

(E) The "do nothing" language shall be changed to:

Page 2:

> If you do nothing, you will not be part of the lawsuit.  This means that if the lawsuit is successful, you will not collect any money from it.

Question 11:

> If you do nothing, you will not be part of the lawsuit.  This means that if the lawsuit is successful, you will not collect any money from it.  It also means you will not be bound by or affected by any court decisions in the lawsuit.

See, e.g., Allard v. Round Robin Operations, LLC, 2020 WL 5200999, at *5 (D. Conn. Aug. 31, 2020); Gambino v. Harvard Prot. Servs. LLC, 2011 WL 102691, at *4 (S.D.N.Y. Jan. 11, 2011).

Method of Dissemination: All notices shall be sent by U.S. mail.  In addition, if an email address is available, the notice shall be sent by email.  See, e.g., Filho v. OTG Mgmt., LLC, 2021 WL 1191817, at *8 (S.D.N.Y. Mar. 30, 2021) (collecting cases and approving notice by mail, email, and Facebook).  The notice need not be posted in the workplace.  See Garcia v. Spectrum of Creations Inc., 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015).  The notice need not be included in pay envelopes.  See Diaz v. New York Paving Inc., 340 F. Supp. 3d 372, 388 (S.D.N.Y. 2018).  The notice shall not be placed on a website at this time.  See Yuefeng Shi v. TL & CG Inc., 2020

WL 4586359, at *5 (S.D.N.Y. Aug. 10, 2020).  Defendants have asked that plaintiffs' counsel be "precluded from making follow-up phone calls to potential plaintiffs," and from "making unsolicited 'cold' phone calls to potential opt-in Plaintiffs," Def. Mem. at 29, and plaintiffs have not opposed this request in their reply.  Thus, plaintiffs are precluded from making such calls.  However, "[i]f plaintiffs have a basis for believing that [the currently approved] methods have not been successful in reaching current employees, plaintiffs have leave to renew their application."  Garcia, 102 F. Supp. 3d at 551.

Reminder Notice: A reminder notice may be sent by mail and email halfway through the 60-day period.  See Diaz, 340 F. Supp. 3d at 387.

Plaintiffs shall confer with defendants and revise the proposed notice in light of this Order.

SO ORDERED.

Dated: May 20, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge