UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARCO ANTONIO PEREZ PEREZ, et al.,  :

                                                                 :

            Plaintiffs,                          ORDER
                                                               :
    -v.-

                                                               :           20 Civ. 8010 (LTS) (GWG)

ESCOBAR CONSTRUCTION, INC., et al.,  :

            Defendants.                          :
-----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, United States Magistrate Judge

       The Court has reviewed the parties' letters appearing as Docket ## 100 and 101. We issue this Order to address the issues raised in those letters.

       Alleged Incompleteness of Discovery Reponses

       This Court's Order of May 20, 2021 (Docket # 82) required defendants to produce by June 10, 2021, the "names, last known mailing address, last known email address, last known telephone numbers, and known dates of employment of qualified opt-in plaintiffs." Id. at 1 (quotation marks and alterations omitted). While plaintiffs assert the production is incomplete, defendants claim to have produced all records responsive to this Order. The defendants cannot produce what they do not have. Certainly, plaintiffs are entitled to a sworn statement or testimony from an individual with personal knowledge as to whether a complete production has been made. If such an affidavit has not been provided already, it shall be provided by September 1, 2021. The Court notes that without proof that defendants are withholding records, there is no further order the Court can issue on this matter.

       Text Message Dissemination/Worksite Posting

       Plaintiffs also request text message dissemination to potential class members who have not responded to the mailings sent to similarly-situated employees. Plaintiffs' request is granted as to any members of the collective who have not responded to the prior mailings (subject to the caveat in the next paragraph) as it is an appropriate method to ensure receipt. For each such

individual, plaintiffs may send <u>one</u> text message to determine whether the individual received the mailing.[1]  Plaintiffs shall wait until August 28, 2021 to send any such message.

Defendants raise the fact that some employees may have claims that are time-barred (a matter not previously raised).  The Court agrees with defendants that it would be inappropriate to send a text message to such individuals.  It was one thing to send a notice to such individuals based on defendants' failure to object to their inclusion in the group to be notified.  But it is quite another to persist by sending a text message.  Because there is no evidence that such individuals could take advantage of equitable tolling, the Court finds it inappropriate to falsely raise their hopes.  Accordingly, defendants are given leave to provide proof to plaintiffs by August 27, 2021, of the fact that any non-responder in fact did not work for defendants after August 27, 2018. If they provide such proof, plaintiffs should not send that individual a text message.

Plaintiffs' request for worksite posting is denied as unnecessarily intrusive on the employer-employee relationship.

<u>Class Action Discovery</u>

Regarding plaintiffs' request for "class discovery," the Court cannot discern what relief plaintiffs are seeking.  The particular discovery requests at issue have not been presented to the Court.  Thus, the Court cannot grant any relief.  For what it is worth, the Court notes that plaintiffs are entitled to discovery as to the merits of their own claims and as to Rule 23's requirements for class certification, such as numerosity, commonality and typicality.  <u>See generally</u> Fed. R. Civ. P. 23(a), 26(b)(1).

---

[1] The parties should agree on the wording of such a text before it is sent out.  If agreement cannot be reached, a text along the lines of the following is authorized (translated into Spanish if warranted).  But the parties are free to agree on other language:

> This text is being sent to make sure you received a mailing that contained a notice of a lawsuit against Escobar Construction, Inc., Nations Construction, Inc., JRS Services, LLC, and others that seeks unpaid overtime for certain employees.  The mailing gave instructions on how you could join this lawsuit if you wish to do so.  If you did not receive this mailing, please call _____ to arrange for the mailing to be sent to you again.  Or you can reply to this text to ask that someone call you back.  You will not receive any more text messages about this lawsuit unless you give permission.

SO ORDERED.

Dated: August 25, 2021
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge