# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324 troylaw@troypllc.com Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

September 3, 2021

*Via* ECF
Hon. Gabriel W. Gorenstein, U.S.M.J.
U.S.D.C, S.D.N.Y.
500 Pearl St.
New York, NY 10007-1312

**MEMORANDUM ENDORSEMENT**

Re: **Plaintiffs' Motion for Rule 37.2 Conference regarding Discovery Disputes and Notice of Pendency Dissemination by Text**
**N.Y.S.D. 20-cv-08010 PEREZ PEREZ et al v. ESCOBAR CONSTRUCTION, INC. et al**

Dear Honorable Gorenstein,

  This office represents the Plaintiff in the above-captioned matter. We write respectfully, and pursuant to Your Honor's Individual Rules at 2. A. to request for a Pre Motion Conference to address the parties' discovery disputes as a follow up to the Order dated August 25, 2021. *See* Docket Entry No. 102. The Parties met and conferred on August 30, 2021 at 4:30 p.m. with Tiffany Troy for Plaintiffs and Danny Grace and Yuting Li for Defendants for around half an hour, and subsequently followed up via email as well. During that conference, Tiffany Troy notified Defendants that Plaintiffs may have no choice but to move to compel for proof showing that certain potential opt-in Plaintiffs Defendants claim are time-barred are in fact time barred, as well as class discovery, which cannot be delayed on the basis that the opt-in period is ongoing.

  The parties were able to agree on issues not addressed in this letter, namely the language of the text message notice and Plaintiffs intend to send out the text-message to the potential opt in Plaintiffs for whom there is no time-barred issue raised.

  **I.**  **Dispute over Potential Plaintiffs that Defendants Claim are Time-Barred**

  Briefly, the issue in question is the time barred status of several employees who Defendants have claimed cannot receive a text message regarding the Notice of Pendency because they did not work for Defendants during the relevant period (i.e. the last three years). Defendants were told to provide proof to Plaintiffs' counsel by August 27, 2021 of any potential opt-in plaintiffs who did not work for Defendants after August 27, 2018. See Docket Entry 102 [D.E. 102].

  In response to this order, Defendants re-submitted three sworn affidavits from Jhony A. Escobar for Escobar Constructions, Inc.; Elias O. Palacios a/k/a Elias Escobar for JRS Services, LLC and Jenny Carolina Alvarez for Nations Construction, Inc., which were originally provided on June 24, 2021 attesting to the completeness of the list. Defendants Counsel (Yuting Li, Esq.) stated that this would be satisfactory. **See Exhibit 1 to 3 Affidavits Verifying Completeness of Name List.** This, according to Defendants, substantiates the employment dates on the name list. Plaintiffs disagreed that this was enough to satisfy the courts order and not cause for several

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
20-cv-08010-LTS-GWG *Perez et al v. Escobar Construction, Inc. et al*
Page 2 of 4

potential opt in plaintiffs to be dis-included from the text message dissemination of the Notice of Pendency because the post office did return their mail as undeliverable.

When met with Plaintiffs' showing that AARON TOWNSEND's <u>end</u> date (crossing out the dates on the name list and stating that in fact he did not end in May 26, 2017 but July 2017) on the name list is incorrect, and that OSCAR GARZA and VICENTE PADILLA who affirmed that they worked at the Ithaca or Binghamton worksites were not on the name list, Defendants categorically refused to provide any proof substantiating their conclusory claims concerning the employee work dates. *See* **Exhibit 4 Consent to Join Form of Aaron Townsend, crossing out the end date; Exhibit 5 Consent to Join Form of OSCAR GARZA, who was not on the name list; Exhibit 6 Consent to Join for of VICENTE PADILLA, who was similarly not on the name list**.

Plaintiffs' Counsel requested the documentary evidence from which Defendants derived the employment dates and cautioned Defendants from relying upon the affidavit certifying the completeness of the name list as a substitute for proof as to the serious claim that certain individuals on the name list are time-barred. Defendant's Counsel stated that the documents exist but refused to provide them. Plaintiffs' Counsel reminded Defendants that Opt-in Plaintiffs had stated the dates of employment were wrong on the list provided by Defendants, suggesting the list were inaccurate. However, Defendant refused to provide any documentary evidence to support the ineligibility of these opt-in plaintiffs to receive the text messaged Notice of Pendency.

It is our position that in the absence of any documentary evidence supporting Defendants' conclusory claims that these individuals are time-barred, that the text message reminder should go out as to them. Defendants will have the right to de-certify them at a later stage should they have documentary evidence or testamentary evidence to show that they are in fact time-barred.

II. <u>Discovery</u>

Enclosed to this Letter Motion are Plaintiffs' Request for Document Production, Defendants' Response, and Plaintiffs' Deficiency Letter. *See* **Exhibit 7 Plaintiffs' Document Production Requests; Exhibit 8 Defendants' Response; Exhibit 9 Plaintiffs' Deficiency Letter; Exhibit 10 Defendants' Response to Plaintiffs' Deficiency Letter**.

Notwithstanding notifying Plaintiffs that they will provide class discovery in addition discovery to the opt-in based on the Court's most recent order, Defendants have refused to provide a time table or schedule by which the discovery will be produced during the meet and confer on August 30, 2021. Defendants noted that discovery does not end until December but it is Plaintiffs' position that Defendants cannot delay upon their obligation to produce on that basis.

With respect to **Document Production Request 12 and 13**, which requests for "full name, job position information, job title, job code, job level, salary grade, organizational location within

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
20-cv-08010-LTS-GWG *Perez et al v. Escobar Construction, Inc. et al*
Page 3 of 4

Defendants, and Social Security number, and dates of all changes to any of these variables; all information regarding compensation earned by or paid by Defendants to" "all last known contact information, including current and former home address, telephone numbers, and email addresses" whether in electronic or tangible form, Defendants provided the following response:

"See General Objection Nos. 2, 5, 6, 7, 8 and 9. Subject to and without waiving these or any other applicable objections, Defendants will produce all relevant, responsive and non-privileged documents in their possession, custody and control" for both requests.

In the wage-and-hour context, "contact information of the broader potential class of defendants' employees may be discoverable where it is relevant to demonstrating satisfaction of Rule 23 requirements." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 491 (S.D.N.Y. 2016) (citing *Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2012 U.S. Dist. LEXIS 16443, 2012 WL 432885, at *2-3 (W.D.N.Y. Feb. 9, 2012) ("It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria.")). This includes discovery as to Rule 23's requirements for class certification, such as numerosity, commonality, and typicality. See generally Fed. R. Civ. P. 23(a), 26(b)(1).

Defendants categorically refer to general objections, and state that they "will produce all relevant, responsive, and non-privileged documents in their possession, custody, and control" but have failed to supplement their discovery responses pertaining to the certified FLSA Collective (of all construction workers, painters, finishers, and supervisors for employees who worked at job sites in Binghamton and Ithaca New York) *see* Docket Entry Order No. 81 (May 20, 2021) and Rule 23 Class despite the certification of the FLSA Collective. During the Meet and Confer, Plaintiffs' counsel specifically requested for (1) payroll information including Quickbooks reports pertaining to all "independent contractors" and employees employed by Defendants in the positions certified by the Court, in addition to the payroll information that was provided for the named Plaintiffs MARCO ANTONIO PEREZ PEREZ and JOSE EDUARDO ARIAS SANCHEZ only.

These objections run afoul of the 2015 Amendment of the Federal Rules, which no longer permit global, generalized objections to each request. Indeed, judges have noted that responses "stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate." *Caprate Events, LLC v. Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 U.S. Dist. LEXIS 227238, at *5 (E.D.N.Y. Apr. 18, 2018) (citing and collecting cases).

With respect to **Document Production Request 26, 27, 30, 31, 33, 35, 36, 37, 38, 39, 40, 42, and 45**, Defendants' refusal to provide any time table or schedule by when they expect to produce the discovery as to the opt-in Plaintiffs similarly run afoul of the continuous nature of the document production requests. Plaintiffs attempted to meet and confer with Defendants' counsel about this specific issue, but Defendants refuse to supplement their response with the

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
20-cv-08010-LTS-GWG *Perez et al v. Escobar Construction, Inc. et al*
Page 4 of 4

merit discovery as to the opt-in period till the opt in period is over. That runs afoul of their discovery obligations.

### III.     Conclusion

Plaintiffs move for a Rule 37.2 Conference to compel Defendants to provide documentary evidence regarding the employment status of any potential opt-in plaintiff they claim to be ineligible to receive the text message notification and additionally for Defendants to provide Class-related discovery within 14 days of the order.

We also respectfully request that for the individuals who are communicated to by text, that their opt-in period be tolled for a full 90 days from the text because the post office did return their notice of pendency mailings which shows that they never received any notification whatsoever of the notice of pendency.

We thank the Court for its time and consideration in this matter.

Dated: September 3, 2021

Respectfully Submitted.

/s/ John Troy
John Troy
Aaron Schweitzer
Tiffany Troy

cc: all counsel of record (via ecf)

/aoc

MEMORANDUM ENDORSEMENT

20-cv-8010 Document 103

Having considered the defendants' response (Docket # 104), the Court rules as follows:

1) This letter does not persuade the Court that dissemination of text messages as to the disputed individuals is warranted or that additional document production from defendants as to this issue must be made at this time.

2) To the extent defendants in their discovery responses stated that they will produce "all relevant, responsive and non-privileged documents in their possession, custody and control," they shall make a complete production of those documents (and any privilege log for responsive documents as to which no objection is being pressed) by Friday, October 1, 2021 --- unless plaintiffs agree to a new date in writing or the Court issues an order granting an extension of that date. As to all other requests (that is, all document requests as to which defendant is standing on its objections and is thus refusing to produce documents or a privilege log in reliance on those objections), the parties are directed to confer again by telephone as to each such request and, if disputes remain, shall present any disputes in a joint letter filed on or before September 21, 2021, that (a) lists each request and response and (b) sets forth each party's position in detail as to the disputes involving that request. The parties shall work closely together in crafting this letter so that it accurately represents each side's position.

3) The request for tolling is denied without prejudice to a proper application that provides case law and facts specific to any particular litigant seeking tolling.

4) Notwithstanding defendants' claim to the contrary, the plaintiffs are under no obligation at this stage to "prove that they are employees rather than independent contractors" or that the defendants "constitute an enterprise."

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
September 10, 2021