**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324 troylaw@troypllc.com Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

March 19, 2022

*Via* **ECF**
Hon. Gabriel W. Gorenstein, U.S.M.J.          MEMORANDUM ENDORSED
U.S.D.C, S.D.N.Y.
500 Pearl St.
New York, NY 10007-1312

      Re: Plaintiffs' Motion for Rule 37.2 Conference regarding Discovery Disputes
N.Y.S.D. 20-cv-08010 PEREZ PEREZ et al v. ESCOBAR CONSTRUCTION, INC. et al

Dear Honorable Gorenstein,

      This office represents the Plaintiff in the above-captioned matter. We write respectfully, and pursuant to Your Honor's Individual Rules at 2. A. to request for a Pre Motion Conference to address the parties' discovery disputes in light of an affidavit from opt in Plaintiff VICENTE PADILLA which cast serious doubt on the completeness of the name list provided during the opt in process. *See* Exhibit 1 Affidavit of Vicente Padilla.

      In compliance with Your Honor's individual rules, Tiffany Troy on behalf of Plaintiffs and Danny Grace and Yuting Li on behalf of Defendants met and conferred on March 16, 2022 at 4:30 p.m. for 15 minutes. Plaintiffs provided the affidavit to Defendants on that same day for Mr. Grace to review with his clients.

      **Basis of Plaintiffs' Claim that the Name List is Deficient**

      VICENTE PADILLA worked worksite supervisor at Escobar Construction's Ithaca worksites. He averred that as part of his job responsibilities, he would go through "the lists Escobar Construction workers would need to sign there name." "On most days there were more than 100 workers on that list." Like other members of the opt in, VICENTE PADILLA was also not part of the name list provided by Defendants. *See* Exhibit 1 Affidavit of VICENTE PADILLA.

      On February 26, 2022, we informed Defendants' counsel that we "uncovered some information which puts into question the completeness of the list. If you could let us know what time this coming week you have time to meet and confer, that would be much appreciated."

      Thereafter, a deposition date of March 14, 2022 at 09:00 a.m. was confirmed for JHONNY ESCOBAR, who was scheduled to appear individually and as a 30(b)6 witness for corporate Defendants. This deposition was scheduled after several weeks of meeting and conferring with Defendants in light of Defendants' counsel's schedule, since in light of his busy schedule, he has no availability before March 7, 2022. This deposition was cancelled by Defendants on March 9, 2022. The parties have since re-scheduled the deposition to the mutually agreeable date of March 29, 2022 at 09:00.

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
20-cv-08010-LTS-GWG *Perez et al v. Escobar Construction, Inc. et al*
Page 2 of 2

### Request for Conference and Remedies Sought

Plaintiffs seek compliance with the Court's Order and immediately provide supplemental list of any individuals who were not initially provided on the name lists per the Order granting the conditional collective certification. *See* Fed. R. Civ. P. 37(b)(2)(A) (providing that failure to obey a discovery order is sanctionable by among other things, treating as contempt of court the failure to obey any order ...."). We have a firm basis "for believing that [the currently approved] methods have not been successful in reaching current employees." *See* Docket Entry No. 82 Order Granting Motion for Conditional Collective Certification in Part (May 20, 2021) (citing *Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015)). Thus, Plaintiffs respectfully renew their request for posting at the job sites for 60 days in English and Spanish. While the deposition of Jhonny Escobar was adjourned to March 29, 2022 due to Defendants' unilateral cancellation of the deposition, we fully expect that the testimony would confirm Plaintiffs' suspicion that the name list provided was deficient for all Corporate Defendants.

We are available on March 30, 2022 before 2 p.m., March 31, 2022 at any time, and April 14, 2022 for a conference, or at a time that is the most convenient to the court.

We thank the Court for its attention to and consideration of this matter.

Dated: March 19, 2022

Respectfully Submitted.

/s/ John Troy
John Troy
Aaron Schweitzer
Tiffany Troy

cc: all counsel of record (via ecf)

/mh

Defendants have failed to oppose the relief requested in this letter as required by the Court's Individual Practices.  Accordingly, defendant is directed to provide by March 26 2022, a supplemental list of  list of all individuals who were not initially provided on the name lists per the Order granting the conditional collective certification.

As for the remaining request for relief, the Court does not see a point in posting a notice at the worksite now inasmuch as the opt-in period ended long ago.   Also, this letter gives no information as to how many names were provided by defendant and thus the Court has no basis to find that anyone other than Vincente Padilla was omitted.   If the plaintiffs develop a factual record that warrants additional relief, they are free to make a new application.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
March 23, 2022

TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

Case No. 20-cv-08010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
------------------------------------------------------------------- x
MARCO ANTONIO PEREZ PEREZ, and
JOSE EDUARDO SANCHEZ ARIAS,
*on their own behalf and on behalf of others similarly situated*

**AFFIDAVIT OF VICENTE PADILLA**

Plaintiffs,
v.
ESCOBAR CONSTRUCTION, INC *et al.*

Defendants.
------------------------------------------------------------------- x

I, VICENTE PADILLA, being duly sworn and under penalty of perjury, deposes and states as follows:

1. I am a resident of Ohio, and I am over 18 years of age.

2. I have personal knowledge of the matters stated below.

3. From on or about May 29, 2018 to August 15, 2018, I was employed by Defendants to work as a worksite supervisor at Escobar Construction's Ithaca worksites.

4. I did not get notified about the pending lawsuit through the Notice of Pendency by mail.

5. I only came to know of the pending lawsuit by MARTIN GALVAN, who worked with me while I worked as a supervisor at Escobar Construction.

6. Escobar Construction have a variety of projects, including in Ithaca, Vienna, and Philadelphia.

7. Escobar would rent a hotel for its workers to be housed.

8. I know this because I remember going through the lists Escobar Construction workers would need to sign their name. On most days, there were more than 100 workers on that list.

9. On slow days, the list may be slightly less than 100 people, but there were crews of finishers, painters, installers, hangers, in groups of 4, 8, and 12.

10. There were also subcontractors that were also hired by Escobar Construction.

11. The turnover rate at Escobar Construction was high. Every day there would be new men coming in to complete the construction project.

12. There are certainly more than the 100 employees over a period of 3 years employed by Escobar Construction.

## VERIFICATION

STATE OF __Ohio__ )
)
) ss:
)
COUNTY OF __Butler__ )

I, VICENTE PADILLA, being duly sworn, states that I am a Plaintiff in this action, that I have read the foregoing Plaintiff's Affidavit, and know the contents thereof, and the same are true to my knowledge, information and belief.

Date: __25th__ day of __Feburry__, 2022



VICENTE PADILLA

Sworn to before me on
This __25th__ day of __Feburry__, 2022



NOTARY PUBLIC