# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324    troylaw@troypllc.com    Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

June 21, 2022

*Via* **ECF**
Hon. Gabriel W. Gorenstein U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

MEMORANDUM ENDORSED

**Re: Plaintiffs' Letter Regarding a Pre-Motion Conference for Discovery Disputes**
*N.Y.S.D. 20-cv-08010 PEREZ PEREZ et al. V. ESCOBAR CONSTRUCTION, INC. et al.*

Dear Judge Gorenstein,

This office represents the Plaintiff in the above matter. We respectfully write with the input of Defendant's counsel pursuant to Your Honor's Individual Rule 2(A) to request a pre-motion conference regarding discovery disputes between the parties that have arisen from the Defendant Jhony Escobar's deposition testimony.

The parties met and conferred regarding deficiencies as to the name list on multiple occasions, the latest conference of which occurred on June 7, 2022 at 15:30 p.m. where Tiffany Troy for Plaintiffs and Daniel Grace for Defendants met and conferred for around five (5) minutes to touch base upon Jhony Escobar's testimony. Thereafter, Plaintiffs proposed a Joint Letter Requesting for a Pre-Motion Conference on June 10, 2022. Daniel Grace requested till Monday to put in their position. Thereafter, on June 13, 2022, Yuting Li on behalf of Defendants said that they would not join in on the letter. Accordingly, we are filing this letter separately.

Specifically, Jhony Escobar testified on March 29, 2022 that even though he signed the affidavit affirming the name list was complete and current and included the supervisors' name and contact information on June 22, 2021, that he was aware that all supervisors' names and contact information were missing. Plaintiff's counsel reached out to schedule a meet and confer in good faith with Defendant's counsel on May 31, 2022 via email, in which Defendant's counsel responded on June 6, 2022 that they were available on June 7, 2022. The pre-motion conference will address the remaining discovery dispute, namely that Defendant disregarded discovery rules.

**Plaintiffs' Anticipated Motion for Sanctions for Perjury**

It is the Plaintiffs' position that the deposition of Defendant, Jhony Escobar demonstrates that he failed to adhere to discovery rules. Defendant was placed on notice of their need to preserve all employee records on December 29, 2019. *See* Dkt. No. 1-3. Additionally, Defendant signed an affidavit certifying that the list of employees and sub-contractors was "complete with all available

information and contains all current and former construction workers, painters, laborers, finishers and supervisors who worked at one time from December 29. 2016 to the present at worksites in Ithaca, New York or Binghamton, New York" when, in fact, he testified in his deposition that he was aware that the list was incomplete when he signed the affidavit. *See* **Exhibit 1 Affidavit of Jhony Escobar and 2 Excerpt from Jhony Escobar Deposition Tr. 136:24-138:24**. As a result of Defendant's perjury, Plaintiffs are looking to move for sanctions on Defendant in compliance with Fed. R. Civ. P 26, 37, and 56 and the general powers of the court for willfully committing perjury.

"Perjury is false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Mattice v. Conveo Corp.,* 2012 U.S. Dist. LEXIS 121 (Conn. Dist. Court 2012). Fed. R. Civ. P. Rule 37(b)(2) establishes that the court may impose sanctions where a party fails to obey and order to provide or permit discovery in which courts have "broad discretion in fashioning the appropriate sanction." *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *See Duka v. All. Tri-State Constr., Inc.,* 2021 U.S. Dist. LEXIS 186975 (N.Y.S.D. 2021). Fed. R. Civ. P 37(b)(1) sets forth the possible sanctions, and for the Court to appropriately remedy perjury with sanctions under Rule 27, it consider four factors: (1) the willfulness of the non-compliant party or the reason for noncompliance, (2) the efficacy of lesser sanctions, (3) the duration of the period of noncompliance, and (4) whether the non-compliance party had been warned of the consequences of noncompliance. *See Duka,* 2021 U.S. Dist.

Defendant's non-compliance with Plaintiff's discovery requests was clear, knowing, and persistent, and thus willful. *Nieves v. City of New York,* 208 F.R.D. 531 (S.D.N.Y. 2002). Plaintiffs first asked for document production on November 27, 2020, which was denied by Defendant's counsel on December 30, 2020. *See* Exhibit 7-8. By June 22, 2021, Jhony Escobar had signed the affidavit certifying that the name list was complete. On July 20. 2021, Plaintiff's counsel again reached out to the Defendant's counsel regarding the deficiency in document production because 26.67% and counting of the conditional collective certification mailings had been returned, and Oscar Garza and Vicente Padilla consented to sue without being on the name list. *See* Exhibit 6, 9. On August 13, 2021, Defendants again refused to provide any supplemental documents upon the assumption that Plaintiff's claims were meritless. *See* Exhibit 10. Finally, almost 9 months prior to this renew motion for sanctions, Plaintiffs motions for a Rule 37(2) Conference regarding this exact discovery dispute in which Defendants continually resubmit false affidavits saying they have fulfilled the Plaintiff's discovery requests.

Rule 37 sanctions should effectuate three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976). Defendant, Jhony Escobar, falsely signed an affidavit affirming that the name list was complete when his deposition testimony revealed that he was aware that it was not. The Second Circuit also establishes that "a party who flouts such orders does so at his own peril" and that Rule

37's "harshest sanctions serves to emphasize the importance the courts place on a party's compliance with discovery orders." Hochberg, 1994 U.S. Dist. (S.D.N.Y. 1994).

 Third, sufficient time has passed for there to be a Rule 37 sanction because it has been nearly a year since the Plaintiffs notified Defendant of potential Rule 37 sanctions with no avail from the Defendant to receive a full and accurate response as to the document preservation.

 Lastly, the non-compliant Defendant was clearly warned of the consequences of non-compliance because he admits that he was aware that the payroll company had the compensation receipts and that Escobar sent them electronically to the payroll company yet signed an affidavit saying that the employee records were accurate and complete without them, which was soon followed by further non-compliance despite Plaintiff's September 3, 2021 Rule 37 Motion. *See* Jhony Escobar Deposition Tr. 136-138.

 Accordingly, Plaintiffs respectably renew their request for a Motion to for sanctions for Perjury as Jhonny Escobar's deposition testimony has solidified that the Defendant willfully lied about the complete nature of the name list of employees.

 We thank the Court for its time and consideration in this matter

> Respectfully submitted,
> TROY LAW PLLC
> /s/ John Troy
> John Troy
> Aaron Schweitzer
> Tiffany Troy

cc: via ECF
All counsel of record

The pre-motion conference requirement is waived. The proposed motion shall be filed by June 28, 2022 in the form required by Local Civil Rule 7.1. Briefing thereafter shall be in accordance with paragraph 2.B of the Court's Individual Practices and Local Civil Rule 7.1.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 21, 2022