.UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARCO ANTONIO PEREZ PEREZ et al.,

                                                                  :         <u>ORDER</u>

                    Plaintiffs,

                                                                  :

  -v.-                                                                  20 Civ. 8010 (LTS) (GWG)

                                                                  :

ESCOBAR CONSTRUCTION, INC. et al.,       :

                   Defendants.          :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      With regard to the motion for sanctions (Docket ## 133-35), the plaintiffs' notice of motion (Docket # 133) fails to "specify the applicable rules or statutes pursuant to which the motion is brought" as required by Local Civil Rule 7.1(a)(1), and thus would have to be denied for this reason alone.

      Additionally, plaintiff's papers suffer from another significant failure: specifically, plaintiffs' memoranda of law in numerous instances fail to comply with paragraph 2.D of the Court's Individual Practices. That paragraph provides in pertinent part that a memorandum of law

> must contain a fact section that sets forth all facts relevant to the motion and, <u>for each factual statement, provides one or more citations</u> (with specific page or paragraph numbers) to pleadings, declarations, affidavits or other documents that have been separately filed. <u>Any factual statement contained within other sections of a memorandum also must be followed by a citation to documents in the record</u>.

      Plaintiffs' memoranda contain numerous factual assertions with no citation to the record.

      These procedural failings have made it all the more difficult for the Court to adjudicate this motion. But even putting them aside, plaintiffs' papers are inadequate. The fact section in plaintiffs' opening memorandum is particularly useless. Approximately 15 of its 17 pages consist of quotations of deposition testimony. On these pages, there is no marshalling of pertinent evidence or explanation provided.

      The argument section provides some additional information, but it too is largely opaque. Addressing at first what rule plaintiffs are relying on, plaintiff's opening brief mentions Rules 26, 37 and 56(h) of the Federal Rules of Civil Procedure (Docket # 135 at 1). The latter rule is obviously inapplicable, however, as there has been no motion for summary judgment filed in this case. Rule 26 is also not directly applicable inasmuch as Rule 37 is the rule that provides a mechanism for sanctioning any failure to comply with obligations under Rule 26. It thus appears that plaintiffs seek sanctions under Fed. R. Civ. P. 37 --- specifically subsection (b)(2), which is

mentioned on the first page of the argument section of their brief. (Docket # 135 at 19). The application is premised on plaintiffs' contention that Escobar did not comply with a Court order to furnish information to plaintiffs identifying "construction workers, painters, laborers, finishers, and supervisors employed by defendants who worked at the Binghamton or Ithaca work sites." Docket #81 at 17; see also Docket # 82. While it is hardly clear, it appears that the plaintiffs' argument centers on their contention that the lists of names provided by Escobar did not include all supervisors and did not include other workers who worked at those jobsites. Plaintiffs also find it significant that Escobar indicated his compliance with the Court's order by signing an affidavit stating as much. (Docket #134-1).

The deposition testimony quoted by plaintiffs, however, provides insufficient proof of plaintiffs' contention that the lists were inadequate. It is simply unclear what portions of the Escobar deposition purportedly support plaintiffs' arguments. To the extent plaintiff is contending that Escobar was required to provide a list of the employees of "sub-contractors," Pl. Mem. at 3, that contention is rejected. The Court's Order required that notice be given only to persons "employed by defendants," Docket # 81 at 17, not to employees of subcontractors, and thus defendants were not required to furnish a list of employees of subcontractors. The Court cannot make the findings based on the current record that any employees of subcontractors as referenced in Escobar's deposition were also employees of any of the defendants.

As for supervisors, Escobar's deposition testimony contains a portion that could be interpreted as suggesting that he intentionally omitted supervisors from the initial list provided to plaintiffs (see Docket # 135 at 18). But it is unclear if Escobar is referring to supervisors working at the two New York job sites. Certainly, there is no clear record that would allow the Court to find that Escobar deliberately violated the Court's Order. Also, to sanction Escobar for any unintentional omission that was later corrected would not be "just" within the meaning of Fed. R. Civ. P. 27(b)(2)(A). See generally Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir.2009) (Fed. R. Civ. P. 37(b) requires that a court consider "the willfulness of the non-compliant party"). At this point, the Court cannot find that Escobar currently has in his possession and control information regarding supervisors employed by defendants at the two relevant sites that has not been furnished to plaintiffs.

For the foregoing reasons, plaintiffs' motion for sanctions (Docket # 133) is denied.

Dated: September 19, 2022
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2