UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

PEREZ PEREZ, et al.,

       Plaintiffs,

   -v-                                  No.   20-CV-8010-LTS-GWG

ESCOBAR CONSTRUCTION, INC., et. al.,

       Defendants.

--------------------------------------------------------x

ORDER

           Plaintiffs Marco Antonio Perez Perez, Aaron Townsend, Martin Galvan Guevara, Oscar Garza, Vincente Padilla, Kasheem C. Hill, Martin Jr. Galvan, and Jose Eduardo Sanchez Arias, and Defendant Natalie Palacios a/k/a Dennise Natali Machado have filed a stipulation of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  (Docket entry no. 169.)  Plaintiffs and Defendant Palacios are hereby directed to file a joint letter, by **October 4, 2022**, indicating whether they have entered into a settlement of Plaintiffs' FLSA claims against Defendant Palacios.  See Samake v. Thunder Lube, Inc., 24 F.4th 804, 810-11 (2d Cir. 2022).  If so, the parties are directed to file a copy of the purported settlement agreement with their joint letter, together with a declaration and any other evidence necessary for the Court's approval of the agreement as fair and reasonable, see Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), including evidence addressing: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel;

and (5) the possibility of fraud or collusion."  <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).  The parties' evidence should also address "factors that weigh against approving a settlement . . . [including:] (1) 'the presence of other employees situated similarly to the claimant'; (2) '[the] likelihood that the claimant's circumstances will recur'; (3) 'a[ny] history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace."  <u>Id.</u> at 336.  The Court hereby reserves its action on the proposed stipulation of voluntary dismissal pending receipt of the parties' forthcoming submission.

SO ORDERED.

Dated: New York, New York
      September 27, 2022

     /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge