UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARCO ANTONIO PEREZ PEREZ, et al.,       :

        Plaintiffs,       :
                                        ORDER

  -against-       :
                                        20 Civ. 8010 (LTS) (GWG)

ESCOBAR CONSTRUCTION, INC., et al.,       :

        Defendants.       :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs have sued defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the labor laws of New York, Ohio, Kansas, and Indiana. See Docket # 213. Defendants have moved to "decertify" plaintiffs' conditional FLSA collective action (Docket # 247), and plaintiffs have filed their opposition in the form of a memorandum of law (Docket # 254) ("Opp."). In a motion to "decertify" a collective action, a court must decide the motion "with the benefit of additional factual development" arising from discovery, Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2016). "[T]he plaintiff has the burden of showing that the opt-in plaintiffs are similarly situated to [him]." Vecchio v. Quest Diagnostics Inc., 2020 WL 5604080, at *10 (S.D.N.Y. Sept. 18, 2020) (citing Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011)). "If the plaintiffs fail to meet that burden . . . then the opt-in plaintiffs are dismissed without prejudice from the lawsuit." Id.

      Plaintiffs' opposition is utterly deficient for three reasons. First, the opposition fails to include the filing of any evidence developed in discovery (or otherwise). Second, while the memorandum of law alludes to the existence of evidence, large swaths of the memorandum of law make factual statements devoid of any citation to evidence. See, e.g., Opp. at 5-6, 8, 11-12, 14-16. And where are there are citations, they are often to inadmissible evidence such as a pleading (or, even worse, a proposed pleading). Third, the memorandum of law fails to contain a fact section.

      In addition to the case law cited above that should have alerted plaintiffs to the need to file admissible evidence along with their brief, paragraph 2.D of the Court's Individual Rules requires in relevant part that any memorandum of law:

> must contain a fact section that sets forth all facts relevant to the motion and, <u>for each factual statement, provides one or more citations</u> (with specific page or paragraph numbers) to pleadings, declarations, affidavits or other documents that have been separately filed. <u>Any factual statement contained within other sections of a memorandum also must be followed by a citation to documents in the record.</u>

(emphasis added).

      We note that this is not the first time that plaintiffs' filings have been deficient in this way.  See Order, dated Sept. 19, 2022 (Docket # 168) ("plaintiffs' memoranda of law in numerous instances fail[ed] to comply with paragraph 2.D of the Court's Individual Practices").  The plaintiffs' current failure has needlessly delayed this action and will be the subject of a separate order to show cause as to why sanctions should not be issued against the plaintiffs.

      In the meantime, while the Court could simply sanction the plaintiffs by deeming the motion to "decertify" unopposed, the Court will instead afford plaintiffs <u>one final opportunity</u> to file new opposition papers.  Accordingly, plaintiffs are ordered to file, on or before midnight on April 7, 2023, a revised brief and a declaration attaching the evidence cited in the brief (which must of course be admissible and not merely allegations in a pleading).  Obviously, the plaintiffs' revised filings must cure all three deficiencies listed above.  Defendants may file a reply brief on or before April 14, 2023.

      SO ORDERED.

Dated: April 4, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge