UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCO ANTONIO PEREZ PEREZ, et al.,           :

        Plaintiffs,           :

                                          ORDER
  -against-           :
                                          20 Civ. 8010 (LTS) (GWG)
ESCOBAR CONSTRUCTION, INC., et al.,           :

        Defendants.           :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs have requested a 90-day extension of the deadline to file a motion to substitute the administrator of the Estate of Oscar Garza for deceased opt-in plaintiff Oscar Garza. (Docket # 270) ("Troy Let."). Defendants have opposed this request, arguing that they will be "substantially prejudiced" due to the "unnecessary and unreasonable length of this action." (Docket # 271). Although plaintiffs claim that this is their "first request" for an extension of this deadline, Troy Let. at 1, in fact they have been granted two previous extensions, first to March 9, 2023 (Docket # 222) and then to May 15, 2023 (Docket # 233).

      Plaintiffs state that they have "not heard back" from the attorney handling Garza's estate and "are not sure what step of the process the [] attorney is at" in obtaining the documentation necessary for a motion to substitute. Troy Let. at 1. It is evident from plaintiffs' letter that they did not attempt to contact the attorney for Garza's estate until May 9, just one week before the deadline for this motion. Id. Plaintiffs state that they seek a 90-day extension only as a "precautionary measure" to ensure that they "have the right documents when they make their motion." Id.

      Plaintiffs' explanation that they were unable to contact the estate's attorney is barely sufficient to meet the good cause standard for extension under Fed. R. Civ. P. 6(b). The Court will grant an extension of 21 days, until June 6, 2023, to move for substitution. The Court will not grant any further extensions absent a memorandum of law explaining why good cause has been shown accompanied by a detailed sworn statement showing all steps taken to determine whether an administrator of the estate has been appointed, which may include efforts to contact the Texas court directly if necessary.

      Finally, plaintiffs are once again admonished (see Docket # 129, 150, 188, 261) that all filings must comport with the Court's Individual Practices. Docket # 270 fails to comport with paragraph 1.E, which requires a request for extension to state "the number of previous requests for extensions" and "the reasons given by the adversary for objecting." The Court warns plaintiffs' counsel that they will be sanctioned for any future violation of those practices.

      SO ORDERED.

Dated: May 16, 2023
      New York, New York

                                                                       GABRIEL W. GORENSTEIN
                                                                       United States Magistrate Judge