```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARCO ANTONIO PEREZ PEREZ et al.,           :

                                            :    ORDER
                    Plaintiffs,             :    20 Civ. 8010 (LTS) (GWG)
                                            :
        -v.-                                :
                                            :
ESCOBAR CONSTRUCTION, INC. et al.,          :
                                            :
                    Defendants.
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

  Discovery having concluded in this matter, the following schedule is ordered for pre-trial motions:

  Any <u>summary judgment motion</u> shall be filed by September 18, 2024. Any opposition papers are due October 9, 2024. Any reply is due October 23, 2024.

  Notwithstanding prior orders of the Court, any <u>class certification motion</u> by plaintiff shall be filed by the same due date as the motion for summary judgment. Thus, any motion for class certification is due September 18, 2024. Any opposition papers are due October 9, 2024. Any reply is due October 23, 2024.

  <u>Both motions shall be made returnable before Judge Swain</u> and shall comply with the formal requirements as set forth in her individual practices, which are available at: https://www.nysd.uscourts.gov/hon-laura-taylor-swain. The parties should note the certification required by paragraph A.2.b of those practices.

  Judge Swain has set specific requirements for motions and other pre-trial filings in this matter and for attendance at a conference before her on <u>April 11, 2025, at 11:00 a.m.</u> in Courtroom 17-C, 500 Pearl Street New York, New York, which are set forth in the annexed document entitled "Judge Swain's Order Regarding Pre-trial Requirements in this Matter." <u>The requirements of this document are incorporated herein by reference and constitute an Order of this Court</u>. Please note the mechanism set forth in paragraph 1 for obtaining a stay of these requirements.

1

      Finally, we note that having read the response to the Order to Show Cause (Docket # 261), a sanction will not issue.

      SO ORDERED.

Dated: August 28, 2024
       New York, New York

                                        GABRIEL W. GORENSTEIN
                                        United States Magistrate Judge

## **Judge Swain's Order Regarding Pre-Trial Requirements in this Matter**

1. Dispositive Pretrial Motions

    Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be directed to Judge Swain and shall be served and filed in accordance with the schedule on page 1 of Judge Gorenstein's Order. No pre-motion conference is required, but the parties must comply with the consultation and certification requirements of Paragraph A.2.b. of Judge Swain's Individual Practices Rules. If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant may so state in a separate MOTION FOR STAY, which must be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion does not affect the parties' obligations under this Order.

2. Other Pretrial Motions

    Other motions, including but not limited to motions in limine relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 7 below**, unless otherwise allowed by the Court for good cause shown.

3. Preliminary Conference

    Counsel[1] for the parties must confer preliminarily at least forty-five (45) days before **the date set forth in paragraph 7 below.** At or prior to this preliminary conference, counsel must provide copies of each proposed exhibit for inspection by opposing counsel and for waiver or noting of objection and shall make the disclosures required by Fed. R. Civ. P. 26(a)(3). At the preliminary conference, counsel must discuss (a) settlement, (b) any anticipated further motion practice, including motions in limine, and (c) the matters required to be addressed in their Joint Pretrial Statement, as set forth in paragraph 4 below.

4. Joint Pretrial Statement

    Counsel for all parties must confer[2] and must prepare, execute and file with the Court, with one courtesy copy provided to the chambers of Judge Swain, no later than seven (7) days

---

[1] As used in this Order, the term "counsel" means, in the case of an individual party who is proceeding Pro Se, such party.

[2] If, due to a party's incarceration or other cause beyond the parties' control, it is impossible for the conference to be held in person or telephonically, the required consultation must be accomplished through timely-initiated correspondence.

3

before **the date set forth in paragraph 7 below**, a single document captioned JOINT PRETRIAL STATEMENT, which must include:

a. A concise statement of the legal issues to be decided.
b. A concise statement of the material facts not in dispute.
c. A witness list containing the names, addresses and a brief summary of the testimony of each witness each party will call.  A person not identified on this list may not be called during a party's case in chief.
d. A final exhibit list in tabular form containing the following information for all exhibits to be offered at trial.  Exhibits not identified on this list may not be offered during a party's case in chief.  The format shall be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

      i. Plaintiff's exhibits must be identified by numbers (e.g., Plaintiff's Exhibit 1, Plaintiff's Exhibit 2) and Defendant's Exhibits must be identified by letters (e.g., Defendant's Exhibit A, Defendant's Exhibit B).  If there is more than one Plaintiff or Defendant, the parties must coordinate their designations so as to avoid duplication.

      ii. In the "Objection(s)" column of the table, one asterisk should be entered to indicate exhibits to which no party objects on grounds of authenticity, and two asterisks should be entered to indicate exhibits to which no party objects on any ground.  Any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

      iii. The "Status" column should be left blank, for later use by the Court.

e. A list of the depositions, if any, to be offered at trial, with notation and explanation (including citation to the relevant legal authority) of any objections to the designations.
f. Stipulations, if any, as to the admissibility of exhibits and depositions.
g. Each party's statement as to whether the case is to tried before a jury.
h. A statement as to whether or not all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).
i. Each party's estimate of the time required for presentation of its case.

When feasible, the Joint Pretrial Statement should also be submitted to Chambers on a CD or DVD in Microsoft Word format.

>The following documents must be annexed to, or submitted to Judge Swain's Chambers concurrently with, the Joint Pretrial Statement:
>
>>One copy of each documentary exhibit to be offered at trial. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 documentary exhibits at the trial, the exhibits should be tabbed and included in a binder for easy reference. On the day of trial, counsel must bring additional pre-marked copies for use by witnesses, the courtroom deputy, opposing parties and (if applicable) the jury.

5.  <u>Proposed Findings of Fact and Conclusions of Law</u>

    If the case is not to be tried before a jury, each party shall must on each other party and file with the Court its proposed findings of fact and conclusions of law, which shall be broken down into separately enumerated paragraphs, no later than seven (7) days before **the Final Pretrial Conference date set forth in paragraph 7 below**. When feasible, the proposed findings of fact and conclusions of law should also be submitted on a CD or DVD in Microsoft Word format.

6.  <u>Proposed Voir Dire, Requests to Charge and Verdict Form</u>

    a.  In a case to be tried before a jury, and no later than seven (7) days before **the Final Pretrial Conference date set forth in paragraph 7 below**:

        i.  Each party must serve on each other party and file with the Court its proposed <u>voir dire</u> and verdict form. Prior to service and filing of the proposed <u>voir dire</u> and verdict form, counsel must provide copies to opposing counsel for inspection and noting of objection; and

        ii. The parties must file a single document captioned JOINT REQUESTS TO CHARGE, which must include the full text of all of their proposed jury instructions, with source citations. If the parties are not in agreement on a particular charge, the disputed language must be highlighted and any counterproposal(s) presented together with the disputed section. Disputed language must be accompanied by a brief explanation of the objection(s), with citations to the relevant legal authority.

    b.  When feasible, proposed <u>voir dire</u>, requests to charge and verdict forms must also be submitted to Chambers on a CD or DVD in Microsoft Word format.

7. <u>Final Pretrial Conference</u>

The parties are directed to appear before Judge Laura Taylor Swain in Courtroom No. 17C[3], 500 Pearl Street, New York, NY 10007, for a final pretrial conference on <u>April 11, 2025, at 11:00 a.m</u>. The purpose of the conference is to explore the possibility of settlement, to schedule the trial (which will, Judge Swain's calendar permitting, commence within two weeks after the conference) if necessary, to review the issues to be tried and the proof to be offered in connection therewith, and to resolve any remaining pretrial issues. **Counsel for defendant(s) shall be responsible for making arrangements for an incarcerated pro se plaintiff's telephonic participation in the final pretrial conference.**

The counsel who plan to try the case must appear at such conference. Counsel attending the conference must seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used in this order, includes the power to enter into stipulations and make admissions regarding all matters that the parties may reasonably anticipate discussing at the pretrial conference including, but not limited to, the matters enumerated in this Pretrial Scheduling Order.

The Court will not adjourn the final pretrial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pretrial conference date set forth in this paragraph 7.

8. <u>No Adjournment of Deadlines</u>

The deadlines set forth in this Pretrial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by counsel, stating whether the other party(ies) consent, and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

9. <u>Non-Compliance with This Order</u>

In the event that any party fails to comply with this Pretrial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing

---

[3] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

6

costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial within two weeks of the scheduled final pretrial conference date.

10. <u>Other Matters</u>

An incarcerated pro se party may apply for relief from or modification of the foregoing requirements upon a showing of cause. Any such application must be in writing, must be served on all other parties and counsel, must specify the nature of the modification or waiver sought, and must be submitted to the Court well in advance of the otherwise applicable deadline for complying with the requirement.

SO ORDERED.