# DANNY GRACE PLLC

ATTORNEYS AND COUNSELORS AT LAW
_____

| | | |
|---|---|---|
| Writer's email: | yuting@dannygracepc.com | 225 BROADWAY, SUITE 1200 |
| Writer Admitted in: | New York, United States District Court for the Southern and Eastern Districts of New York | NEW YORK, NY 10007<br>212.202-2485<br>718-732-2821 FAX |

Hon. Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Plaintiffs are hereby directed to file a response regarding their position on Defendants' requested stay of pretrial deadlines, pending the resolution of Defendants' motion for summary judgment, by **October 23, 2024.**
SO ORDERED.
10/16/2024
/s/ Laura Taylor Swain, Chief USDJ

Re:    **Perez Perez, et al. v. JRS Service, et al. (Civ. No. 1:20-cv-08010-LTS-GWG)**

Dear Judge Swain:

We represent the Defendants in the above-referenced matter. We write to your Honor to Move for a Stay to defer the pre-trial requirements in this matter while the Parties are waiting for this Court's decision on Defendants' motion for summary judgment per this Court's Order of August 28, 2024. (ECF No. 289).

"[T]he decision whether to issue a stay is 'firmly within [the] district court's discretion.'" LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc., 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). "In determining whether a stay is appropriate, the Court must consider whether the 'interests of efficient judicial administration and comprehensive disposition of litigation' is better served through an order to stay the proceedings." Red Tree Investments, LLC v. Petroleos De Venezuela, S.A., No. 19-CV-2519 (AJN), 2020 WL 209290, at *1 (S.D.N.Y. Jan. 14, 2020) (quoting New York v. Blank, 1991 WL 208883, at *11 (N.D.N.Y. Oct. 10, 1991)). When determining whether to stay proceedings, this Court considers whether: (1) the applicant will be irreparably injured absent a stay; (2) issuance of the stay will substantially injure the other parties interested in the proceeding; (3) the stay applicant has made a strong showing that he is likely to succeed on the merits; and (4) the stay is in the public interest. *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir.2007). "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." Mohammed v. Reno, 309 F.3d 95. 100-01 (2d Cir.2002).

Here, on October 15, 2024, Defendants filed their motion for summary judgment. If Defendants' motion for summary judgment is granted, it would entirely obviate the need for a trial in


**DANNY GRACE PLLC**
ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| Writer's email: | yuting@dannygracepc.com | 225 BROADWAY, SUITE 1200 |
| Writer Admitted in: | New York, United States District Court for the Southern and Eastern Districts of New York | NEW YORK, NY 10007<br>212.202-2485<br>718-732-2821 FAX |

this matter. If the pretrial proceedings are not stayed, Defendants will be irreparably harmed because Defendants will be required to unnecessarily spend additional attorneys' fees to defend this matter. Further, this Court's decision on Defendants' motion for summary judgment will also influence the ability of Defendants to continue to effectively defend this matter.

Further, Plaintiffs will not be substantially injured because discovery has been completed and because Plaintiff are seeking only monetary damages related to Plaintiffs' alleged past work, and not for any type of future or accruing damages. Nam v. Permanent Mission of the Republic of Korea to the United Nations, No. 21-CV-06165 (JLR), 2023 WL 2456646, at *3 (S.D.N.Y. Mar. 10, 2023).

Moreover, the fourth factor also favors a stay. If this Court grants Defendants' motion for summary judgment, there will not be a need to try this matter. *See*, Ferring B.V. v. Allergan, Inc., 343 F. Supp. 3d 284, 292 (S.D.N.Y. 2018) ("It would be a waste of resources – the parties', the Court's, and the public's – to proceed to a trial that turns out to be a nullity.").

Thus, weighing all of these factors, Defendants respectfully request that this Court stay this Court's Order Regarding Pre-Trial Requirements in This Matter, dated August 28, 2024, while Defendants' motion for summary judgment is pending. (ECF No. 289). *See*, Walsh v. Goldman, Sachs & Co., No. 89 CIV. 8088 (TPG), 1992 WL 42198, at *1 (S.D.N.Y. Feb. 27, 1992) (order to stay all related cause of actions as to Plaintiff's claims of age discrimination while the arbitration is pending because the parties had an arbitration agreement); *see also*, Estate of Heiser v. Deutsche Bank Trust Co. Americas, No. 11-CV-1608, 2012 WL 2865485, at *4 (S.D.N.Y. July 10, 2012) (stay appropriate where "issues to be considered in [one proceeding] directly relate to petitioners' claims …, and an early decision on [those issues] will obviously clarify whether petitioners have a legally viable basis for relief"

We are thankful for the Court's time and consideration.

Dated:   October 15, 2024

                                               Sincerely,

                                               _____/s/_____

                                             Yuting Li, Esq.

# DANNY GRACE PLLC

ATTORNEYS AND COUNSELORS AT LAW

|  |  |
|---|---|
| Writer's email: yuting@dannygracepc.com | 225 BROADWAY, SUITE 1200 |
| Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York | NEW YORK, NY 10007 |
|  | 212.202-2485 |
|  | 718-732-2821 FAX |

Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
(212) 202 -2485
*Attorneys for Defendants*

3